Helen L. CUMBY (next Friend of
Lemont Cumby), Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 97–463.

United States Court of Appeals
for Veterans Claims.

May 4, 1999.

Helen L. Cumby, pro se.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Jacqueline M. Sims, Acting Deputy Assistant General Counsel; and Karen P. Galla, Washington, DC, were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and IVERS and GREENE, Judges.

GREENE, Judge:

The appellant, Helen L. Cumby, next friend of Lemont Cumby (her son), appeals a December 31, 1996, Board of Veterans' Appeals (Board) decision denying as not well grounded a claim for VA benefits as a deceased veteran's child who was permanently incapable of self-support before reaching the age of 18 years (helpless child). The Secretary has filed a motion for summary affirmance. The Court has jurisdiction over the case under 38 U.S.C. §§ 7252(a) and 7266(a). For the following reasons, the Court will affirm the Board's decision.

## I. FACTS

Lemont Cumby is a surviving child of the veteran, Thelmor Agustus Cumby. Record (R.) at 23–24. The veteran served honorably in the U.S. Army from April 1950 to October 1953. R. at 12. Lemont was born on May 20, 1963. R. at 15, 17. Mr. Cumby died in 1975. R. at 20. In December 1991, at age 28, Lemont, with the assistance of the appellant, sought dependency and indemnity com-

pensation (DIC) benefits as the deceased veteran's child asserting that he was permanently incapacitated for self-support before reaching the age of 18 years. R. at 41. *See* 38 U.S.C. § 1314. Information in his file indicated that Lemont attended high school until he graduated in June 1981, and that he attended college courses immediately following his high school graduation. R. 28, 31, 33–34, 36–37. In January 1992, the regional office (RO) requested evidence or information about the claim that would establish his incapacity. The appellant failed to respond, and an April 15, 1992, RO decision denied his claim. R. at 47. In July 1992, the appellant filed a Notice of Disagreement (R. at 51), and the RO issued a Statement of the Case (SOC) (R. at 53–56).

Medical examination reports submitted in 1993 in support of Lemont's claim note treatment for skin conditions, allergic rhinitis, bronchitis, and scoliosis and the existence of a systolic murmur. R. at 77–84. Further, the appellant submitted a letter reporting that Lemont had been provided with a home teacher from September 1980 until May 1981 "due to his illness with his headaches." R. at 86. She asserted in the letter that "[u]nless you are ill you do not get a home teacher." *Id.* The record neither contains medical evidence describing Lemont's illness nor the nature and extent of the claimed disability. The appellant suggested that this evidence demonstrated that Lemont qualified as a helpless child prior to becoming 18 years old. R. at 86. The RO issued a confirmed rating decision and a supplemental SOC (R. at 91–92, 94–98), and, on behalf of Lemont, the appellant appealed to the Board. R. at 100.

The Board determined that the clinical evidence in the file did not tend to "demonstrate totally incapacitating disabilities sufficient to render [Lemont] incapable of self-support or unemployment" prior to becoming 18 years of age and, therefore, found that the claim was not well grounded. R. at 7.

## II. APPLICABLE LAW AND ANALYSIS

■ The evidence establishes that Lemont is the son of a qualified veteran and is eligible to apply for benefits. Like all claims for veterans benefits, a claim for DIC must be well grounded. *See Johnson v. Brown,* 8 Vet.App. 423 (1995). A well-grounded claim is one that is plausible, meritorious on its own, or capable of substantiation. The claimant has "the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C. § 5107(a); *see Carbino v. Gober,* 10 Vet.App. 507, 509 (1997); *Tirpak v. Derwinski,* 2 Vet.App. 609, 611 (1992). The determination of whether a claim is well grounded is a matter of law that this Court reviews de novo. *See* 38 U.S.C. § 7261(a)(1); *Robinette v. Brown,* 8 Vet.App. 69, 74 (1995). Where the determinative issue involves medical causation, competent medical evidence is required for the claim to be well grounded. *See Grivois v. Brown,* 6 Vet.App. 136 (1994). This burden may not be met by presenting lay testimony. Lay persons are not competent to offer medical opinions. *See Ruiz v. Gober,* 10 Vet.App. 352, 356 (1997); *Grivois, supra.*

■ This is a case of first impression as to what constitutes a well-grounded claim for recognition as a child of a veteran on the basis of permanent incapacity for self-support before reaching the age of 18 years. The "child of a deceased veteran is entitled to dependency and indemnity (DIC) compensation when the veteran dies as a result of service[-]connected disabilities." *See* 38 U.S.C. §§ 1313, 1314. For purposes of this benefit, the governing statute defines a child as "a person who is unmarried and ... who, before attaining the age of eighteen years, became permanently incapable of self-support; ... and who is a legitimate child...." 38 U.S.C. § 101(4)(A); *see also* 38 C.F.R. § 3.57(a)(ii) (1998); 38 C.F.R. § 3.315(a) (1998). Further, 38 C.F.R. § 3.356 provides that the question of a child's permanent incapacity is one of fact for determination by the rating agency, and that it will be decided on the basis of whether the child is "permanently incapable of self-support through his own efforts by reason of physical or mental defects" at the date of attaining the age of 18 years. 38 C.F.R. § 3.356(a), (b) (1998); *see also Dobson v. Brown,* 4 Vet.App. 443, 445 (1993).

In this case, the Board found that the claim was not well grounded because no competent evidence of record supports the appellant's assertion that Lemont was incapable of self-support before May 20, 1981, the date of his 18th birthday. We agree. A claim of this type involves issues of medical causation thereby requiring submission of medical evidence to establish that the claimant's condition of permanent incapacity is plausible or well grounded. Here, the appellant and her son have not presented such evidence that would make this claim well grounded, and we so hold.

The appellant's informal brief repeatedly requests more time to present additional evidence to support the claim. This Court may not receive or review evidence not previously considered by the Board. *See* 38 U.S.C. § 7252(b); *Rogozinski v. Derwinski*, 1 Vet. App. 19, 20 (1990) (Court review shall be on record of proceedings before Secretary and Board). However, new and material evidence may be submitted to VA under the provisions of 38 U.S.C. § 5108 (requiring reopening of final decisions where new and material evidence has been presented or secured).

### III. CONCLUSION

After consideration of the pleadings and a review of the record, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error that would warrant reversal or remand. The Court is also satisfied that the Board decision fulfills the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990).

The Board decision is AFFIRMED.