**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 99-413

THOMAS E. BRUCE, APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided    August 1, 2000  )

*Thomas E. Bruce, pro se.*

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Michael A. Leonard*, Deputy Assistant General Counsel; and *Richard Scott Ragan*, all of Washington, D.C., were on the pleading for the appellee.

Before KRAMER, FARLEY, and IVERS, *Judges*.

KRAMER, *Judge*:  The appellant, Thomas E. Bruce, appeals a July 23, 1998, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to waiver of recovery of an overpayment of VA compensation benefits in the amount of $82,928.76. Record (R.) at 2, 9. The appellant has filed an informal brief, and the Secretary has filed a motion for summary affirmance in lieu of a brief. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). The Court notes that, on March 24, 2000, this appeal was stayed for 30 days in accordance with *In re Panel Referrals in Pro Se Cases*, 12 Vet.App. 316 (1999) (en banc order). For the reasons that follow, the Court will affirm the decision of the Board.

**I.**

The appellant served on active duty from January 1969 to November 1970. *See* R. at 2. He was granted service connection for schizophrenic reaction, paranoid type, in 1970 and has been rated

100% disabled for that condition since 1971. R. at 13, 15. In 1980, Congress enacted 38 U.S.C. § 5313, which provides limitations on the payment of compensation to a veteran incarcerated for conviction of a felony. *See* Pub. L. No. 96-385, § 504(a), 94 Stat. 1528, 1534 (1980). In 1991 and 1992, a VA regional office (RO) received information reflecting that the appellant had been convicted of a felony and, as a result, had been continuously incarcerated in a penal institution since August 1987. R. at 22, 24, 54. Based on that information, the RO retroactively reduced from 100% to 10% the appellant's disability compensation, effective on the 61st day of his incarceration. R. at 32-34; 60-62; *see* 38 U.S.C. § 5313(a)(1)(A) (limiting to 10% monthly payment of disability compensation for veteran convicted of felony and incarcerated in penal institution for more than 60 days). This ultimately resulted in the calculation of an overpayment to the appellant in the amount of $82,928.76. *See* R. at 36-43, 51.

After receiving notice of the overpayment, the appellant submitted to VA a request for waiver of recovery of that debt. R. at 56. In support of his request, he asserted that he had not been informed that his compensation "could be reduced because of being incarcerated for a felony"; that his family had informed VA of his incarceration; and that recovery would create a financial hardship because his financial resources had been completely depleted as a result of the criminal proceedings leading to his conviction. R. at 56-57. A VA Committee on Waivers and Compromises subsequently determined that, even though a report of income reflected that the appellant's expenses exceeded his income, recovery of the debt would not cause hardship because the appellant was "incarcerated at government expense." R. at 65. The Committee further determined that the appellant had "substantial fault" in the creation of the overpayment and that waiver would result in his unjust enrichment. R. at 65, 67. Consequently, the Committee denied his request for waiver of recovery. R. at 65. The appellant appealed that decision, asserting that his family had timely informed VA of his incarceration and arguing that collection of the overpayment would create undue financial hardship because he did not have the financial resources to retain an attorney to assist in appealing his conviction. R. at 73-76, 86-88.

In the BVA decision on appeal, the Board initially determined that the overpayment had been properly created (R. at 5) and that "there was no fraud, misrepresentation, or bad faith on the part of the [appellant] with respect to creation of the overpayment at issue" (R. at 7). The Board then

considered the factors listed in 38 C.F.R. § 1.965(a) (1999) in order to determine whether recovery would be "against the principles of equity and good conscience."  R. at 7.  In addressing those factors, the Board  found that there was "no fault on the part of the [appellant] in the creation of the assessed overpayment" because it would not be reasonable "to expect [the appellant] to be aware of the fact that his incarceration would result in a reduction of his compensation payments."  R. at 7.  The BVA also found that VA was not at fault in creating the overpayment because "it would have caused an undue burden" to require VA to notify every veteran in receipt of compensation in 1980 that he or she "would have to report incarceration for a felony on the off chance that he or she might then be or sometime later be incarcerated for a felony."  R. at 8.  The BVA further concluded that recovery would not create an "undue financial hardship" on the appellant, reasoning that "the [appellant] is currently incarcerated; as such his basic necessities (i.e., food, shelter, clothing) are provided for by the correctional institution, and any collection would not deprive him of these necessities."  R. at 8.  As to the remainder of the elements in § 1.965(a), the Board stated:

> As the [appellant] received disability compensation to which he [was] not entitled (as a result of his incarceration), this resulted in his unjust enrichment.  Additionally, there is no evidence that the [appellant] relinquished a valuable right or incurred any legal obligations resulting from reliance on VA benefits.  Furthermore, the evidence of record discloses no other element of the standard of equity and good conscience which would persuade the Board that the Government should waive its right to the repayment of the assessed indebtedness.

R. at 9.  Accordingly, the Board concluded that recovery of the overpayment would not be against equity and good conscience and thus denied entitlement to waiver.  R. at 9.  This appeal followed.

On appeal, the appellant contends that VA was at fault in the creation of the overpayment because VA did not inform him about the change in law that provided that incarceration would result in a reduction in his VA disability compensation or notify him that it was his responsibility to report his incarceration to VA.  Appellant's Informal Brief, Attachment at 1-3.  Additionally, he argues that the Board erred in determining that recovery of the overpayment would not create an undue financial hardship. *Id*. at 3.  In that regard, he essentially asserts that his basic necessities are not all provided for by the penal institution because he is required to pay for such items as toiletries, medication, dental appointments, and medical appointments and that "without the financial aid of family members" he would not be able to obtain "some of the needed items [that] he deems a necessity to

his survival in such a surrounding." *Id*. at 4-5. Finally, he contends that failure to reimburse the government would not result in his unjust enrichment because there is no evidence "showing where or how [he] may have benefited from the overpayment." *Id*. at 4. The Secretary responds that the BVA decision should be affirmed because it was made in accordance with applicable laws and regulations and because the appellant has not identified any errors of fact or law that would warrant remand or reversal. Secretary's Motion at 1.

**II.**

Pursuant to 38 U.S.C. § 5302(a), "[t]here shall be no recovery of payments or overpayments . . . of any benefits under any of the laws administered by the Secretary whenever the Secretary determines that recovery would be against equity and good conscience." *See* 38 C.F.R. §§ 1.962, 1.963, 1.965(a) (1999); *see also* 38 U.S.C. § 5302(c) (recovery may not be waived if there is "an indication of fraud, misrepresentation, or bad faith"); 38 C.F.R. § 1.965(b) (1999). In determining whether recovery would be against equity and good conscience, the Secretary is required to consider the elements set forth in 38 C.F.R. § 1.965(a), which are not intended to be all inclusive: (1) the fault of the debtor; (2) the balancing of faults between the debtor and VA; (3) undue hardship; (4) whether the purpose of the existing benefits would be defeated; (5) unjust enrichment; and (6) whether the appellant changed his position to his detriment. *See Ridings v. Brown*, 6 Vet.App. 544, 546 (1994). Determining whether there would be "undue hardship," in turn, requires a determination as to "[w]hether collection would deprive [the] debtor . . . of basic necessities." 38 C.F.R. § 1.965(a)(3). "Waiver decisions, and the review of such decisions by the BVA, are subject to review by this Court to determine whether the statutory standard was applied in accordance with the regulatory guidance or whether the decision was made in an arbitrary or capricious manner." *Smith (Barbara) v. Derwinski*, 1 Vet.App. 267, 279 (1991); *see* 38 U.S.C. § 7261(a)(3)(A); *Cullen v. Brown*, 5 Vet.App. 510, 512 (1993). The scope of review under the "arbitrary and capricious" standard is narrow and does not permit the Court to substitute its judgment for that of the Board. *See Kaplan v. Brown*, 9 Vet.App. 116, 119 (1996). "If the Board articulates a satisfactory explanation for its decision, including a rational connection between the facts found

4

and the choice made, the Court must affirm." *Jordan v. Brown*, 10 Vet.App. 171, 175 (1997); *see also* 38 U.S.C. § 7104(d)(1); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990).

Because the appellant, in his brief, raises arguments only as to the Board's consideration of fault, undue hardship, and unjust enrichment, the Court will confine its review to issues related to those factors. *See Ford v. Gober*, 10 Vet.App. 531, 535 (1997); *Grivois v. Brown*, 6 Vet.App. 136, 138 (1994) (issues or claims not argued on appeal are deemed abandoned); *Bucklinger v. Brown*, 5 Vet.App. 435, 436 (1993).

On appeal, the appellant appears to express disagreement with the Board's determination that it would have been unduly burdensome for VA to notify every veteran in receipt of compensation in 1980 of the enactment of 38 U.S.C. § 5313 and its further determination that VA therefore was not at fault in creation of the overpayment. R. at 8. However, the appellant has not pointed to any authority indicating that VA had a duty to provide such notification, nor is the Court aware of any such duty. *Cf.* 38 U.S.C. § 7722(c) (Secretary shall distribute full information to eligible veterans regarding "all *benefits* and services" to which they may be entitled (emphasis added)); *Wells v. Principi*, 3 Vet.App. 307, 309 (1992). Further, the appellant has not provided any other argument that would support a finding of VA fault. Accordingly, the Court concludes that the appellant has not demonstrated that the Board failed to provide a satisfactory explanation for its conclusion regarding the apportionment of fault in the present case.

The appellant also expresses disagreement with the Board's determination that recovery of the overpayment would not create an undue hardship on the appellant. In this regard, the Court notes that, prior to the BVA decision, the appellant argued that his financial resources had been depleted as a result of the criminal proceedings leading to his incarceration; argued that, due to inadequate funds, he had been forced to appeal his conviction without legal representation; and provided information reflecting that his expenses exceeded his income. R. at 29, 56-57, 65, 87. Although the Board did not explicitly address these contentions, the Board's determination that the appellant's "basic necessities (i.e., food, shelter, clothing) are provided for by the correctional institution" necessarily encompasses an implicit determination that any of his claimed expenditures were not for "basic necessities" and that inadequate funds for such expenditures would not lead to a deprivation of "basic necessities." 38 C.F.R. § 1.965(a)(3) (assessment of "[u]ndue hardship" element requires

determination as to "[w]hether collection would deprive debtor . . . of basic necessities"). Consequently, the Court concludes that the Board provided a sufficient articulation of its reasoning in this regard.

The appellant further contends, for the first time on appeal, that while incarcerated he must pay for items such as toiletries, medication, dental appointments, and medical appointments and that "without the financial aid of family members" he would not be able to obtain some "items he deems a necessity." Appellant's Informal Brief, Attachment at 4-5. Although, under certain circumstances, the Court would have jurisdiction to consider an *argument* raised for the first time on appeal (*see Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000)), the Court is precluded by statute from including in the record on appeal any *evidence* that was not contained in the "record of proceedings before the Secretary and the Board" (38 U.S.C. § 7252(b); *see Cumby v. West*, 12 Vet.App. 363, 365 (1999); *Rogozinski v. Derwinski*, 1 Vet.App. 19, 20 (1990)). Here, the appellant's statements in his brief essentially constitute an attempt to introduce new evidence (regarding the nature and level of his purported expenditures) in support of an argument that he previously raised (that recovery of the overpayment would deprive him of basic necessities). *See Robinette v. Brown*, 8 Vet.App. 69, 78 (1995) (defining the term "evidence"). Thus, the Court will not consider this evidence in rendering its decision. However, the Court notes that the appellant may be able to utilize statements regarding the nature and level of his expenditures (together with any corroborating evidence) to demonstrate "new and material evidence" in connection with an attempt to reverse or modify the waiver decision under 38 C.F.R. § 1.969(a) (1999).

Finally, as to the appellant's assertion that the Board erred in finding unjust enrichment, the Court concludes that the Board's explanation in this regard, albeit brief, was satisfactory. *See* R. at 9 ("As the [appellant] received disability compensation to which he [was] not entitled (as a result of his incarceration), this resulted in his unjust enrichment.").

### III.

In sum, the Court holds that the appellant has not demonstrated that the Board failed to articulate a satisfactory explanation for its decision, and thus the Court cannot conclude that the

BVA's denial of waiver was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Accordingly, the July 23, 1998, BVA decision is AFFIRMED.