# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-356

FREDERICK H. DAMBACH, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, IVERS, and GREENE, *Judges*.

## O R D E R

The appellant appealed a November 1997 decision of the Board of Veterans' Appeals (BVA or Board) to this Court. In August 1999, this Court issued a memorandum decision vacating the Board's decision and remanding this case to the Board. The remand was never effected because the appellant appealed the remand to the United States Court of Appeals for the Federal Circuit (Federal Circuit) in October 1999. In October 2000 the Federal Circuit reversed this Court's ruling which had affirmed the Board's finding that 38 U.S.C. § 1154(b) (1994) was not applicable to the appellant's claim. The Federal Circuit ordered a remand so that the Board and this Court could apply Section 1154 consistently with the interpretation given to it by the Federal Circuit in its opinion. The mandate of the Federal Circuit was received in this Court on November 28, 2000. On November 29, 2000, the appellant filed a motion styled "to immediately award appellants' claim in accordance with U.S. Court of Appeals for the Federal Circuit's reversal and remand dated September 8, 2000." We will dispose of both the appellant's motion and the remand order by the Federal Circuit in this order.

## I. APPELLANT'S MOTION

The apparent theory of the appellant is that the Federal Circuit's reversal requires this Court to award the benefit sought. He is incorrect; he simply misreads the opinion of the Federal Circuit. Quite clearly, even assuming it had the authority to do so, the Federal Circuit did not direct the award of benefits. In point of fact, the Federal Circuit, as it has often acknowledged, lacks the fact-finding power that would be necessary in either ordering or directing the ordering of benefits. 38 U.S.C. § 7292(a) (1994). Moreover, this Court's fact-finding power is also limited. If we were to award benefits in this case on the basis of the Federal Circuit's opinion, we would necessarily have to find facts related to the Section 1154 issue that are properly to be determined by the administrative fact-finding agency. *See* 38 U.S.C. § 7261 (1992); *Hensley v. West*, 212 F.3d 1255. This Court can, of course, as the Federal Circuit cannot, review the Board's factual decisions on a "clearly erroneous"

basis. We did so in this case previously in finding that the Board's factual determinations were not clearly erroneous. We reaffirm that finding and by so doing decline to direct the awarding of benefits. Finally the Federal Circuit clearly understood its fact-finding limitation (and that of this Court) by indicating that a further remand and administrative adjudication would be necessary. While it did express, in what can only be regarded as dicta, how it viewed some of the evidence before it (and we do not know whether the entire record was before the Federal Circuit, it then correctly stated that fact finding "is a call to be made by the Veterans Court [sic] and Board on remand."

## II. SECTION 1154

The sole basis for the remand by the Federal Circuit is to allow the Secretary to readjudicate his decision as to the putative applicability of 38 U.S.C. § 1154 to this case in light of the interpretation the Federal Circuit gave to the statute. We note that neither the regional office nor the Board has ever made a factual determination as to whether the appellant is in fact a combat veteran and, if so, whether the disability claimed was incurred or aggravated by such status. In its decision the Board stated:

> The veteran has also *attempted* to claim status as a combat veteran and thus invoke the presumption available to such veterans pursuant to 38 U.S.C.A. § 1154(b). *See Collette v. Brown,* 82 F.3d 389 (1996). There is little dispute, however, that the episodes of tonsillitis were documented. The veteran only contends that they were not adequately treated. He does not allege that they occurred consistent with the circumstances, conditions or hardships of combat. To the contrary, he indicated that during the time *he considered himself* in a combat situation, he recalled no instance of needing any medical treatment. He only alleged that, if he had needed treatment, it would not have been available. The Board, therefore, *need not analyze this case in terms of whether the veteran is a combat veteran* since he has not alleged that he has a disease or injury that is related to combat. . . .

Record (R.) at 24 (emphasis added). It is clear, therefore, that the fact of whether the appellant is a combat veteran has never been adjudicated. His ipse dixit claim to be such need not be accepted. *Cohen v. Brown,* 10 Vet.App. 128, 147 (1977). Thus, it is apparent that on remand that before Section 1154 can be "correctly" applied it will be necessary for the Secretary first to determine whether the appellant is in fact a combat veteran entitled to its application. The record, as it now stands, is certainly not conclusive on this point. In any event, it is not for this Court to determine the necessary facts in the first instance. The record will have to be developed by the appropriate fact finder to determine whether the appellant's service qualifies him as a "combat veteran" within the meaning of Section 1154.

The Federal Circuit has suggested in its opinion that it would be appropriate for this Court to set a deadline by which this case will be concluded, noting that it has been seven years since the claim was filed. Nothing would be easier than to accede to the Federal Circuit Court's suggestion

by picking, out of the air, an arbitrary date and then "require" the Secretary to adjudicate the claim by that date. We decline to do so and will explain why. This Court is not part of the Department of Veterans Affairs and its administrative machinery. We are not privy to the case loads, the number of remands taking precedence over this case, and the relative priorities established at the BVA or the regional offices. Nor do we know whether such an order might well displace other, perhaps even more deserving, cases. We do know that there have been an extraordinary number of remands by this Court and the Federal Circuit because of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), which, no doubt, greatly exacerbates the administrative problems faced by the Department, which by law is obligated to give each and every one of those remanded claims "expeditious treatment" pursuant to the Veteran's Benefit Improvement Act, Pub. L. No. 103-446 § 307, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note). We could ask for such information, but such an intrusive order would likely cause even more delay to many other cases as the Department diverted its manpower in an attempt to compile such extensive information. To impose an arbitrary date without the slightest clue as to whether such a date was either reasonable or appropriate would be wrong. It would be like slicing meat with a cleaver. Furthermore, as noted above, this case is going to require further development of the facts, both in terms of the original remand, which we will reinstate with the exception of the Section 1154 language, and the required factual development of the Section 1154 issue. How long this will take, as it will likely involve the assistance of the Department of Defense and the cooperation of the appellant, is pure guesswork.

Moreover, we note that while this case has been "in contest" for seven years, much of that time it has been in appellate status before this Court and the Federal Circuit. Most of the delays before this Court were due to requests for delay by the appellant. Our examination of the record leads us to conclude that, under the circumstances, the Secretary has not been laggard in this case, certainly no more so than this Court or the Federal Circuit. We do urge the Secretary to move this case with all the energy and dispatch he can, consistent, of course, with a full and fair development of the facts. We also express our confidence that the appellant will fully cooperate in the development of the facts.

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion for an immediate award of benefits is denied. It is further

ORDERED that the decision of the Board is VACATED and the matter REMANDED for action consistent with this Court's August 1999 memorandum decision, except as noted in this order, and the Federal Circuit opinion.

DATED:       April 3, 2001                      PER CURIAM.