**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 99-413

THOMAS E. BRUCE, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges*.

**O R D E R**

On August 1, 2000, this Court, in a panel opinion issued while the appellant was pro se, affirmed a July 23, 1998, decision of the Board of Veterans' Appeals (Board or BVA) that denied entitlement to waiver of recovery of an overpayment of VA compensation benefits in the amount of $82,928.76. *Bruce v. Gober*, 13 Vet.App. 565 (2000). On September 25, 2000, the appellant filed, through counsel, a motion for panel reconsideration in which he requested that the Court vacate the July 1998 Board decision and remand his claim. On September 29, 2000, the appellant filed a motion for leave to supplement the record out of time and a motion to supplement the record on appeal (ROA). The appellant indicated that the Secretary was opposed to the latter two motions. On November 29, 2000, the Secretary, pursuant to a Court order, responded to the appellant's motions for reconsideration and for leave to supplement the ROA. In December 2000, the appellant filed a citation of supplemental authorities and a motion for summary remand. In April 2001, the appellant filed a second citation of supplemental authorities. In addressing these motions, the Court will not set forth the facts of this case because they were fully set forth in the Court's prior opinion. *Bruce*, 13 Vet.App. at 566-68. For the reasons that follow, the Court will grant the appellant's motion for reconsideration, withdraw its August 1, 2000, opinion, and vacate the July 1998 Board decision and remand the matter.

In his motion for reconsideration, the appellant argues that the Court should reconsider its August 2000 opinion and vacate the July 1998 Board decision on appeal because the Court did not address the BVA's failure to consider whether 38 C.F.R. § 3.665(m) (2000) applied to his case in light of the evidence that his initial felony conviction had been reversed on appeal. In addition, he argues that the Court did not address the BVA's failure to examine the validity of the asserted debt when reviewing his waiver application; the BVA's failure to review all the evidence of record in his case; the BVA's failure to assist him in developing his claim; the BVA's failure to provide an adequate statement of reasons or bases for its implicit determination that the asserted debt was valid; and the BVA's misinterpretation of the factors that govern decisions on waiver requests. Finally, the appellant requests that the Court remand the matter to the BVA for readjudication and retain jurisdiction over his claim while on remand.

In his November 2000 response to the appellant's motion for reconsideration, the Secretary states that, after further consideration of the ROA, he concedes that VA was "on notice of the alleged reversal" of the appellant's first criminal conviction as early as 1991. Response (Resp.) at 2. The Secretary then "concedes that VA failed in its duty to assist [the a]ppellant in development of that matter as required by 38 U.S.C. § 5107 (even prior to the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000))." Resp. at 2. Because of this failure, the Secretary states that he does not oppose the appellant's motion for reconsideration and that he joins the appellant in requesting that the Court vacate the July 1998 BVA decision and remand the matter for further development of the evidence and consideration of 38 C.F.R. § 3.665(m).

In his December 2000 motion for remand, the appellant in essence reiterates his request that the Court vacate the July 1998 Board decision and remand the matter because of the alleged Board errors asserted in his motion for reconsideration and because the Board failed to recharacterize a portion of the asserted debt as administrative error and release him from liability for that portion. The appellant further requests that the Court instruct the Board how to proceed on remand with respect to these alleged errors, that the Court set a deadline for completion of the BVA's proceedings on remand, and that the Court order the BVA to cease and desist recoupment of the alleged overpayment. Because the parties agree that a remand is necessary in order for the Board to consider § 3.665, the Court will grant the appellant's motion for reconsideration; withdraw its August 1, 2000, opinion; and issue this order in its stead vacating the July 1998 Board decision and remanding the matter.

With respect to three arguments that the appellant raised in his motion for reconsideration and motion for remand, first, the Court will not retain jurisdiction over his claim as he requested. *See Cleary v. Brown*, 8 Vet.App. 305, 307-08 (1995) (Court found that it did not have authority to retain general and continuing jurisdiction over decision remanded to Board for new adjudication). Second, the Court will not set a deadline for completion of the Board's proceedings on the remanded claim as the appellant requested. *See Dambach v. Principi*, 14 Vet.App. 307, 309 (2001) (per curiam order) (Court declined to set deadline for completion of BVA proceedings, noting that case would require further factual development on remand and that choosing an "arbitrary date without the slightest clue as to whether such a date was either reasonable or appropriate would be wrong"). The Court notes that, in accordance with section 302 of the Veterans' Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note), the Board is required to provide for "expeditious treatment" of claims remanded by the Court.

Finally, the Court will deny the appellant's request that the Court order the BVA to cease and desist recoupment of the alleged overpayment. Because the VA regional office's (RO) determination of the alleged overpayment was apparently subsumed in the BVA's July 1998 decision on the appellant's waiver request and because the Court is vacating that July 1998 BVA decision, there is apparently no decision on the alleged overpayment that is final. *See* Record at 5-8; 38 U.S.C. § 5314(a) (Secretary shall recoup amount that it has been determined was overpaid to benefits recipient); 38 C.F.R. § 1.911(b) (2000) (Secretary shall promptly demand payment of debt whose

existence was determined by administrative decision or by operation of law); *see also* 38 C.F.R. § 20.1103 (2000) (RO determination on claim is final only if appeal to Board is not perfected); 38 C.F.R. § 20.1104 (2000) (RO determination that is affirmed by BVA is subsumed in final BVA decision). In addition, because the Court is vacating the BVA's July 1998 decision, the appellant's waiver request remains pending at the Board. *See generally Weaver v. Principi*, 14 Vet.App. 301, 302 (2001) (per curiam order) (Court held that, because its order vacated Board decision, "there no longer exist[ed] a predicate for the debt and the appellant's claim remain[ed] pending at VA"). Further, it is not clear from the record whether VA is currently recouping the alleged overpayment from the appellant. In this regard, the Court notes that, although under 38 C.F.R. § 1.912a(d) the Secretary can commence recoupment even prior to a final determination of overpayment or a final decision on a waiver request if deferral of such recoupment would jeopardize collection of the debt, the record does not reflect that the Secretary has made any such determination. Until VA has made a determination with regard to recoupment of the alleged overpayment, it would be premature for this Court to render a decision with respect to that issue. *See* 38 U.S.C. § 5314(b) (recoupment of overpayment requires that Secretary first make determination with respect to claimant's dispute of existence or amount of debt or claimant's request for waiver); *Narron v. West*, 13 Vet.App. 223, 227 (1999) (condition precedent to recoupment of debt is Secretary's determination on timely raised request for waiver). Under these circumstances, the Court trusts that the Secretary will take all actions necessary to cease any improper recoupment.

In view of this disposition, the Court need not address the remainder of the arguments that the appellant raised in his motion for reconsideration and motion for remand. *See Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999) (per curiam order) (regarding appellant's right to submit additional evidence and argument on remand); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) (remand is meant to entail critical examination of justification for decision; Court expects that BVA will reexamine evidence of record, seek any other necessary evidence, and issue timely, well-supported decision).

With respect to the appellant's motion requesting supplementation of the ROA, the Secretary argues, inter alia, that this issue is moot because of the Secretary's concession of error and because the appellant would be free to present this evidence on remand. Given the Court's disposition of the appellant's motion for reconsideration, the Court will deny as moot the appellant's motion to supplement the ROA. *See Kutscherousky*, 12 Vet.App. at 372 (regarding appellant's right to submit additional evidence and argument on remand).

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion for panel reconsideration is granted. It is further

ORDERED that the Court's August 1, 2000, panel opinion is withdrawn. It is further

ORDERED that the July 23, 1998, Board decision is VACATED and the matter is REMANDED for readjudication consistent with this order. It is further

ORDERED that the appellant's motion for remand insofar as it seeks relief in addition to that provided by this order is denied.  It is further

ORDERED that the appellant's motions for leave to supplement the ROA out of time and to supplement the ROA are denied as moot.

DATED:  May 25, 2001                                   PER CURIAM.