# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1375

JIMMIE HARVEY, JR., APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge,* and FARLEY and IVERS, *Judges.*

## O R D E R

On September 19, 2000, the Court issued an opinion affirming the June 15, 1998, Board of Veterans' Appeals (Board) decision that denied the appellant's application for Service Disabled Veterans' Insurance on the grounds that the veteran failed to meet the basic criteria for entitlement to such benefits. *Harvey v. Gober*, 14 Vet.App. 137 (2000). On November 7, 2000, judgment was entered.

On November 15, 2000, following the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (hereinafter VCAA), the Court automatically recalled judgment as to the September 19, 2000, decision pursuant to *In Re: Veterans Claims Assistance Act of 2000*, Misc. No. 4-00, 15 Vet.App. 27 (2000) (en banc order). On April 30, 2001, the Court ordered the parties to submit supplemental briefs addressing the effect, if any, of the VCAA upon this case. Both the veteran and the Secretary have done so. The Court finds that the VCAA may be applicable to the veteran's claim.

The VCAA affects sections of chapter 51 of title 38 of the United States Code, which provide the general administrative procedures for VA to follow in processing claims for veterans benefits. In particular, 38 U.S.C. § 5103(a), as amended by § 3 of the VCAA, obligates VA to give notice to claimants of the required information and evidence that must be submitted to substantiate a claim. The veteran's claim, as noted above, may be affected by the amended provisions, and it is not the function of this Court to determine in the first instance which version of the law is most favorable to the claimant. *See Baker v. West*, 11 Vet.App. 163, 169 (1998). Accordingly, a remand is required in order to provide the Board with an opportunity to readjudicate the veteran's claim. *See generally Karnas v. Derwinski*, 1 Vet.App. 308, 312-13 (1991) (when law or regulation changes after claim has been submitted, but before administrative or judicial appeal process has been concluded, version that is most favorable to claimant must be applied unless Congress provided otherwise).

On remand, the veteran is free to submit additional evidence and argument necessary to the resolution of his claim. *See Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam

order).  The Board shall proceed expeditiously in accordance with section 302 of the Veterans' Benefits Improvement Act,  Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court).  *See Drosky v. Brown*, 10 Vet.App. 251, 257 (1997).  If circumstances warrant, the Board is authorized and obligated to remand the claim to the VA regional office for further development.  *See* 38 C.F.R. § 19.9(a) (2001); *Littke v. Derwinski*, 1 Vet.App. 90, 93 (1990).

Upon consideration of the foregoing, it is

ORDERED that the Court's September 19, 2000, opinion is withdrawn.  It is further

ORDERED that the Board's June 15, 1998, decision is VACATED and the matter is REMANDED for further adjudication.

DATED:        December 4, 2001                              PER CURIAM.