http://www.va.gov/vetapp16/Files3/1626414.txt

Citation Nr: 1626414 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 14-43 430 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Committee on Waivers and Compromises located in the Regional Office in White River Junction, Vermont

THE ISSUES

1. Validity of indebtedness in the amount of $31,274 based on an overpayment of VA compensation due to fugitive felon status.

2. Entitlement to a waiver of an overpayment in the amount of $31,274.

3. Whether the recoupment of an overpayment in the amount of $31,274 was proper.

(The issue of entitlement to special monthly compensation (SMC) based on the need for aid and attendance is the subject of a separate Board decision).

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

J. Juliano, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from October 1965 to February 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from June 2010, June 2011, and December 2011 decisions of the Department of Veterans Affairs (VA) Committee on Waivers and Compromises located in the Regional Office in Columbia, South Carolina. Jurisdiction has subsequently been transferred to the RO in White River Junction, Vermont.

In December 2015, the Veteran testified before the undersigned Veterans Law Judge at a videoconference Board hearing at the RO in White River Junction, Vermont. A transcript of the proceeding has been associated with the claims file.

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

The issues of entitlement to a waiver of an overpayment in the amount of $31,274, and whether the recoupment of an overpayment in the amount of $31,274 was proper are addressed in the REMAND portion of the decision below and are REMANDED to the agency of original jurisdiction (AOJ).

FINDING OF FACT

The Veteran's VA compensation was terminated effective August 14, 2009, through August 5, 2010, due to fugitive felon status based on an outstanding warrant for a felony under state law, resulting in an overpayment in the amount of $31,274.

CONCLUSION OF LAW

The debt created by the overpayment of VA compensation due to fugitive felon status in the amount of $31,274 is valid. 38 U.S.C.A. §§ 5302, 5313B (West 2014); 38 C.F.R. §§ 1.962, 3.665 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Preliminary Matters

Under 38 C.F.R. § 3.105(h), no award of VA compensation may be discontinued by reason of information received concerning a veteran's status unless the veteran is notified of the contemplated action and is provided 60 days to present evidence that the benefits should be continued. Also, 38 C.F.R. § 3.105(i) provides that the veteran should be afforded 30 days to request a predetermination hearing.

Pursuant to 38 C.F.R. § 3.105(h) and (i), the RO sent to the Veteran an April 2010 notice of the proposed discontinuance of VA compensation effective August 14, 2009, due to fugitive felon status based on an open felony warrant issued that date in South Carolina. The notice explained he had 60 days to present evidence that the warrant information was in error or that it had been cleared, and that if he requested a hearing within 30 days, his payments would continue until the hearing date.

More than 60 days later, in June 2010, the RO issued a decision to terminate VA compensation effective August 14, 2009, based on fugitive felon status. It appears that the RO subsequently received the Veteran's June 2010 letter, stamped-received the same date, disagreeing with the proposed termination and requesting a hearing. Although the Veteran's response was beyond 30 days, the RO regardless sent an August 2010 notice to the Veteran that his payments would be resumed because he requested a hearing. A hearing was scheduled for June 2011. See Notice Letter, April 2011. In May 2011 the Veteran contacted the RO by phone, and in June 2011 his representative wrote a letter to the RO, both requesting that the hearing be moved to Miami. In June 2011, the RO notified the Veteran's representative that the hearing could not be moved to Miami (that there was no availability). The Veteran failed to appear to the June 2011 hearing at the RO in St. Petersburg. Two days later, in June 2011, the RO issued a decision to terminate the Veteran's VA compensation effective August 14, 2009 to August 5, 2010, the date the warrant had been cleared. The Veteran appealed to the Board.

As shown above, the RO provided the Veteran with notice of the proposed termination of VA compensation, which notice explained that he had 60 days to respond with evidence, and 30 days to request a hearing. Despite the Veteran having requested the hearing beyond 30 days, the hearing was scheduled, and the Veteran failed to appear. Therefore, the Board finds that the regulatory procedural requirements of 38 C.F.R. § 3.105(h) and (i) were met.

II. Analysis

An overpayment is created when VA determines that a beneficiary or payee has received monetary benefits to which he or she is not entitled. 38 C.F.R. § 1.962 (2015). The issue of the validity of the debt is a threshold determination that must be made prior to a decision on a request for waiver of the overpayment. See Schaper v. Derwinski, 1 Vet. App. 430 (1991).

38 U.S.C.A. § 5313B provides that a veteran may not be paid VA compensation benefits for any period during which the veteran is a fugitive felon. A fugitive felon is defined as including, but not limited to, a person violating a condition of probation or parole imposed for a felony under state or federal law.

Regarding 38 U.S.C.A. § 5313B, the Court of Appeals for Veterans Claims held in Mountford v. Shinseki that "the plain language is unambiguous: The violation of a condition of probation makes one a fugitive felon." See Mountford, 24 Vet. App. 443, 447 (2011).

By way of background, in April 2010, a VA Office of Inspector General (OIG) Fugitive Felon Program Investigative Report showed that a warrant for the Veteran's arrest had been issued on August 14, 2009 for obstruction of justice. As explained in greater detail below, the warrant related to a parole violation for an underlying felony.

Regarding the underlying felony, a September 2007 Sentence Sheet from the South Carolina Court of General Sessions shows that the Veteran pled guilty to bank fraud under South Carolina Code § 34-3-110, which the Board notes constitutes a felony, and the Sentence Sheet shows he was fined restitution in the amount of $2,625.

Based on the OIG notice of the warrant, in April 2010, the RO proposed discontinuance of the Veteran's VA compensation effective August 14, 2009, due to fugitive felon status.

The Veteran responded in May 2010 that he was not avoiding prosecution by moving to Florida, that his parole officer knew he moved, and that he was making his court-ordered restitution payments. In June 2010, he submitted a payment receipt showing he paid $200, that he had a remaining balance of $505, and that he had paid through August 14, 2009, which the Board notes shows that his restitution payments were still in arrears since August 14, 2009. 

In June 2010, the RO contacted the South Carolina Department of Probation, Parole and Pardon, and the contact explained that the Veteran still had an outstanding warrant for his arrest, and that they were aware of his whereabouts but unable to extradite him due to budget constraints. 

In July 2010 correspondence, the Veteran argued that he was not a fugitive felon because he was making restitution payments, and that his parole officer told him that the warrant would be cleared in August 2010. 

In February 2011, the RO again contacted the parole office and spoke to the Veteran's parole officer, who explained that the warrant was issued because the Veteran failed to pay his fines and restitution, and then when the Veteran received the VA notification regarding termination of compensation due to an outstanding warrant, the Veteran then contacted the parole officer, explained that he had moved to Florida and wanted to pay off his restitution owed, and that the Veteran did ultimately pay it in full and that the warrant was therefore cleared on August 5, 2010. The OIG confirmed in June 2011 that the warrant was cleared on August 5, 2010.

The Board notes that the indebtedness of $31,274 was apparently calculated starting with 12 months of the Veteran's VA compensation at $2,673 per month from August 14, 2009 to August 13, 2010, minus the compensation for the nine-day time frame from August 5, 2010 to August 13, 2010 when VA compensation had resumed (i.e., $32,076 minus $89.10/day for nine days).

In a June 2011 statement, the Veteran wrote that after he pled guilty (in September 2007), he had been making his $350 per month restitution payments, but then in February 2008, he moved to Florida after being threatened at gun point by a neighbor. The Veteran further asserts in the statement that he told his probation officer he was moving, and that he continued to make his monthly restitution payments. He further asserts that he full paid the debt in "October 2010" with funds loaned by his church. He submitted a February 2016 letter from his church in which the pastor wrote that the church had lent the Veteran $1,388 to help him pay his court-ordered restitution.

As shown above, the South Carolina Probation and Parole office verified twice, including by way of the Veteran's parole officer, that the Veteran did in fact have an outstanding warrant from August 14, 2009 to August 5, 2010. His parole officer confirmed that the warrant was issued because the Veteran had failed to make court-ordered restitution payments (for the bank fraud felony conviction). Therefore, the Board finds that by law, the Veteran constituted a "fugitive felon" for that period of time, that an overpayment of $31, 274 was created due to the erroneous payment of the Veteran's VA compensation benefits during that time from August 2009 to August 2010, and therefore, that the debt is valid.

The Board acknowledges that the Veteran argues that his parole officer knew he moved to Florida. However, as shown above, the Veteran's parole officer explained that the warrant was issued because the Veteran was past due on his restitution payments. 

The Board also acknowledges that the Veteran alleges he was not in violation of his parole because had been making his court-ordered restitution payments in the amount of $350 per month in a timely manner, and that the remaining balance was paid by his church. However, if that were true, the entire restitution due of $2,625 would clearly have been paid in full by around May 2008, long before the warrant for nonpayment was issued in August 2009. Likewise, if it were true that the Veteran had paid $350 per month since 2007, he clearly would not have owed any balance remaining in 2010, whereas the Veteran's church reports that it loaned him $1,388 in 2010 to pay towards his restitution. In fact, the June 2010 receipt submitted by the Veteran himself shows that he had a balance due that date of $705 (before he made the $200 payment that day), and that the account was in arrears since August 14, 2009. This also contradicts his hearing testimony that he had full paid the entire restitution in six months. Moreover, while the Veteran alleges he used those church funds of $1,388 to full pay his restitution, again, the June 2010 receipt shows he only paid $200 that day and had $505 remaining due, which is entirely inconsistent with his report. Finally, the Veteran reported in a June 2011 statement that he used church funds to full pay the balance of the restitution in "October 2010," which time is beyond the duration of the warrant from August 2009 to August 2010, and therefore contradicts his story. Therefore, the Board finds the Veteran's assertion that he had been making timely $350 per month payments since 2007 and therefore never violated his parole to be not credible. 

The Board adds that there is otherwise no evidence from South Carolina Probation and Parole that the Veteran had been making his court-ordered payments on time during the period from August 14, 2009 to August 5, 2010, or that the warrant for his arrest was otherwise in error. Rather, the Veteran's parole officer reported to VA that the warrant was properly issued because the Veteran was behind on his payments, but after receiving the notice by VA involving the termination of his VA compensation, he contacted the parole officer, told him he was in Florida, and made payment arrangements, and that the warrant was cleared on August 5, 2010. The Veteran himself admitted in July 2010 that his parole officer told him the warrant would not be cleared until August 2010. The Board finds that the parole officer's account is more consistent with the other documentary evidence of record, and therefore the Board finds the parole officer's account to be more credible and thus more probative.

As a final matter, the Veteran contends that because he had no knowledge of any warrant (arguably until he was notified by VA), he did not constitute a "fugitive felon" and his payments should not have been discontinued. The Board emphasizes, however, that "fugitive felon" status under VA law includes the violation of probation or parole itself, irrespective of whether a warrant has been issued, and regardless as to whether the Veteran had been intentionally "fleeing.". See 38 U.S.C.A. § 5313B. In other words, regardless as to whether a warrant has been issued, and regardless of the Veteran's knowledge of any warrant, the very underlying act of violating probation or parole itself makes one a "fugitive felon" for VA purposes. In the case of Mountford v. Shinseki, the veteran in that case made a very similar argument that he had no knowledge that a warrant was issued for his probation violation, but the Court held that there is no knowledge or scienter requirement, and that the statutory language was clear that a "fugitive felon" is simply "one who violates the conditions of probation" (or parole), and that whether or not he had actual knowledge that a warrant had been issued was irrelevant." 

Therefore, in light of the above, the Board concludes that the indebtedness in the amount of $31,274 due to an overpayment based on the Veteran's status as a fugitive felon from August 14, 2009 to August 5, 2010, is valid.

ORDER

The debt created based on overpayment of VA compensation due to fugitive felon status in the amount of $31,274 is valid.

REMAND

In September 2014, the Veteran's representative sent correspondence citing to a "pending appeal" for a waiver of the overpayment. In that regard, a December 2011 decision of the Committee on Waivers and Compromises (COWC) denied the Veteran's request for a waiver of the overpayment of $31,274. In January 2012, the Veteran filed a notice of disagreement ("I am appealing"), citing to "special circumstances." He then argued in subsequent January 2012 correspondence that he detrimentally relied upon or changed his position in reliance on the benefits to pay his C.N.A. See 38 C.F.R. § 1.965(a)(6) (2015) (changing position in reliance); see also Correspondence, August 2012. 

To date, however, no Statement of the Case (SOC) has been issued. Therefore, the Board finds that this matter should be remanded for the issuance of a SOC. See Manlincon v. West, 12 Vet. App. 238, 240-41 (1999). This issue should be returned to the Board after issuance of the SOC only if perfected by the filing of a timely substantive appeal. See Smallwood v. Brown, 10 Vet. App. 93, 97 (1997); Archbold v. Brown, 9 Vet. App. 124, 130 (1996).

In addition, the Veteran also contends that the $31,274 offset or recoupment of the entire debt from his $53,705 retroactive VA compensation paid around August 2011 was premature or otherwise improper. See 38 U.S.C.A. § 5314 (West 2014); 38 C.F.R. § 1.912a (2015); Narron v. West, 13 Vet. App. 223 (1999); see also Bruce v. Principi, 15 Vet.App. 27 (2001).

By way of background, in April 2010, the RO issued a notice of the proposed discontinuance of VA compensation. More than 30 days later, in June 2010, the Veteran requested a hearing. Despite the fact that the request was not timely, the RO regardless scheduled a hearing in June 2011, but the Veteran failed to appear. Two days later, in June 2011, the RO issued a decision to terminate the Veteran's VA compensation effective August 14, 2009 to August 5, 2010. In July 2011, a demand letter was issued for a debt in the amount $31,274. In August 2011, the Veteran was notified of the grant of retroactive VA compensation in the amount of $53,705 based on several awards in a July 2011 rating decision. An August 2011 SHARES record shows that the debt of $31,274 was withheld from that retroactive payment, such that the actual payment issued to the Veteran was $22,431. 

The Board finds that the issue of whether the recoupment of the debt in the amount of $31,274 was proper that has been raised by the Veteran is inextricably intertwined with the Veteran's request for a waiver of overpayment being remanded herein for the issuance of a SOC. Therefore, the Board will likewise remand the issue of whether the recoupment was proper to the AOJ for adjudication together with the issue of entitlement to a waiver in a SOC. This issue should only be returned to the Board if and only if a timely substantive appeal is filed thereafter.

Accordingly, the case is REMANDED for the following action:

Issue a SOC with regard to the issues of:

a) Entitlement to a waiver of an overpayment in the amount of $31,274; and 

b) Whether the recoupment of an overpayment in the amount of $31,274 was proper. 

If the benefits sought cannot be granted, the Veteran should be informed of his appellate rights and of the actions necessary to perfect an appeal on this issue. Thereafter, the issues are to be returned to the Board if and only if an adequate and timely substantive appeal has been filed.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

____________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs