**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 98-1929

MELVIN E. STRUCK,                                                                APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                      APPELLEE.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges*.

## O R D E R

On June 4, 2001, the Court, in a single-judge order, vacated a June 18, 1998, decision of the Board of Veterans' Appeals (Board or BVA) that denied as not well grounded, under the version of 38 U.S.C. § 5107(a) then in effect, the pro se appellant's claim for service connection for degenerative changes to L4-L5-S1 as secondary to service-connected compression fractures of T11-T12-L1 (claim 1) and that denied his claim for an increased rating for his service-connected limitation of motion of the dorsal spine and lumbar spine at L1, currently rated as 20% disabling (claim 2). The Court then remanded the matters to the Board. In its June 2001 order, the Court concluded that a remand was required with respect to claim 1 in order for the BVA to readjudicate that claim pursuant to *Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order). The Court further concluded that, under the circumstances of this case, a remand was required with respect to claim 2 in order for the Board to determine, in the first instance, the specific applicability to that claim of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA).

On June 18, 2001, the appellant filed a timely motion for a panel decision in which he in essence argues, inter alia, that, because the Secretary failed to respond within 30 days to the appellant's motion for remand premised in part upon assertions of BVA error, the Secretary should be deemed to have consented to a remand based in part upon those assertions of Board error. In this regard, the Court notes that the appellant cites as support for his argument to the Court's November 13, 2000, miscellaneous order, *In Re: Veterans Claims Assistance Act of 2000*, 15 Vet.App. 27 (2000) (en banc order) ("any party [to an appeal], or the parties jointly, may . . . file . . . a motion or other paper addressing the potential applicability of the VCAA to the disposition of that appeal . . . [and] an opposing party may file a response within 30 days . . . . Failure of the opposing party to file a timely response may be considered that party's consent to any action recommended in that motion or other paper."). The Court further notes, however, that the filing procedure contained in the November 2000 order is directly applicable only to voluntary filings by the parties, not to motions filed pursuant to a Court order, as is the situation in the instant case. *See Struck v. Gober*, U.S. Vet. App. No. 98-1929 (ord. Jan. 10, 2001). Moreover, that portion of the November 2000 order relates

only to addressing VCAA matters, not to addressing non-VCAA arguments such as the appellant's assertions of Board error. Therefore, the Court's November 13, 2000, order cannot serve as a basis for deeming the Secretary to have consented to the appellant's motion for remand based in part upon assertions of BVA error.

To the extent that the appellant is arguing that, in the absence of a finding that the Secretary consented to his non-VCAA bases for remand, the Court should have addressed his assertions of Board error, for the reasons stated in the June 2001 order, and in accordance with *Best v. Principi,* the Court will not address those assertions of error. *See Best*, 15 Vet.App. 18, 20 (2001) (per curiam order) (because of as yet unknown factual and legal context in which claim readjudication will occur, absent "appropriate circumstances," Court refrains from exercising, either sua sponte or at appellant's request, its discretion to address all assertions of BVA error once it is determined that VCAA necessitates remand).

On July 18, 2001, the appellant filed a motion styled as a "Motion for a Panel of the Court to examine the Freedom of Information [Act (FOIA)]" response that he received from the Secretary with respect to his April 2, 1999, FOIA request. Also in that motion, the appellant reiterates his request that the Court reconsider its June 4, 2001, order. Based upon the assertions in his motion, it in essence appears that the appellant is asking for further development of the record in his case. Because the Court remanded the appellant's claims and because his request for further development can be addressed on remand, the Court will deny the appellant's motion insofar as he seeks review of the Secretary's development of the record in this case. *See Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order) (regarding right to submit additional evidence and argument on remand); *see also Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) (remand is meant to entail critical examination of justification for decision; Court expects that BVA will reexamine evidence of record, seek any other necessary evidence, and issue timely, well-supported decision). Finally, the Court notes that, to the extent that the July 2001 motion could be construed as an appeal of the Secretary's response to the appellant's FOIA request, the motion, insofar as it related to FOIA, would be dismissed because the Secretary's compliance with FOIA is not a matter within this Court's jurisdiction. *See* 38 U.S.C. §§ 7252(a), 7266(a) (Court jurisdiction to review final BVA decisions); 28 U.S.C. § 1651(a) (All Writs Act); *In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 370 (1997) (Court has authority to issue writs under All Writs Act only when in aid of Court jurisdiction to review BVA decisions), *vacated in part on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998) (affirming all holdings; vacating only for consideration of asserted facts occurring after this Court's opinion).

Upon consideration of the foregoing, the parties' prior pleadings, and the record on appeal, it is

ORDERED that the appellant's motion for a panel decision is denied. It is further

ORDERED that the appellant's July 18, 2001, motion is denied.

2

DATED:  September 6, 2001                    PER CURIAM.