**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 08-0355

Steven G. Stratford, Petitioner,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs, Respondent.

Before HAGEL, MOORMAN, and LANCE, *Judges.*

**O R D E R**

On February 6, 2008, the petitioner filed through counsel a petition for extraordinary relief in the nature of a writ of mandamus seeking an order of the Court to, among other things, direct that the respondent restore the petitioner's award of service connection for post-traumatic stress disorder (PTSD) awarded to him in May 2007 by a decision review officer (DRO) decision. The petitioner states that the San Diego, California, regional office (RO) granted service connection for his PTSD with an effective date of August 20, 1987, and that it subsequently withdrew this decision and issued a Supplemental Statement of the Case in October 2007 that denied entitlement to service connection for PTSD. Specifically, the petitioner asserts that the May 2007 DRO decision was reviewed and changed pursuant to a new Compensation and Pension Service (C&P) review procedure targeted at decisions awarding more than $250,000 or that award an effective date retroactive eight or more years. The petitioner argues that this new C&P procedure is unconstitutional.

On January 25, 2008, the RO issued a new DRO decision granting service connection for PTSD, effective November 1987. In his Court-ordered response, the Secretary asserts that the May 2007 DRO decision was only a "draft" and was never sent to the petitioner. The Secretary also maintains that, because Mr. Stratford has been awarded benefits in the January 2008 DRO decision, the petition is moot and should be dismissed.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. N. D. Cal.,* 426 U.S. 394, 402 (1976). Three conditions must be met before a court may issue a writ of mandamus: (1) The petitioner must lack adequate alternative means to obtain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process, (2) the petitioner must demonstrate a clear and indisputable right to the writ, and (3) the court must be convinced, given the circumstances, that the issuance of a writ is warranted. *See Cheney v. U.S. Dist. Ct. D.C.,* 542 U.S. 367, 380-81 (2004).

The petitioner fails to demonstrate that he lacks adequate alternative means to obtain the desired relief. Specifically, to the extent Mr. Stratford has received an adverse decision on his claim

and wishes to challenge the decision and the VA process used in connection with the decision, his avenue of relief is to appeal that decision to the Board and then, if needed, to the Court. *See Lamb v. Principi,* 284 F.3d 1378, 1384 (Fed. Cir. 2002) (noting that extraordinary writs are not substitutes for an appeal). As to Mr. Stratford's request for a Court order directing that VA provide a complete copy of his VA claims file, he has not demonstrated that VA is refusing to comply with his October 2007 request pursuant to the Freedom of Information Act and Privacy Act. *See* Petition, Exhibit 10 (January 23, 2008, letter from the Board of Veterans' Appeals notifying Mr. Stratford that his request was forwarded to the VA regional office for reply and/or processing).

To the extent Mr. Stratford alleges delay in providing the requested records, the Court notes that when delay is alleged as the basis for a petition, this Court has held that a clear and indisputable right to the writ does not exist unless the petitioner demonstrates that the alleged delay is so extraordinary, given the demands on and resources of the Secretary, that it is equivalent to an arbitrary refusal by the Secretary to act. *Costanza v. West*, 12 Vet.App. 133, 134 (1999) (per curiam order). Mr. Stratford has not demonstrated that to be the case here.

Upon consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief in the nature of a writ of mandamus is DENIED.

DATED:       June 30, 2008                              PER CURIAM.

2