**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-31070
Summary Calendar

NAOMI E. FARVE

Plaintiff - Appellant

v.

JOHN E. POTTER, United States Post Master General

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-5925

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Naomi E. Farve filed this suit against John E. Potter, United States Postmaster-General ("the Postmaster"), demanding that she be awarded the attorney's fees to which she alleges she is entitled after successfully representing her client, Johnny Green, in an administrative hearing. The United States District Court for the Eastern District of Louisiana granted summary judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the Postmaster. We VACATE the order of summary judgment and REMAND to the district court with instructions to dismiss the case.

In the underlying proceeding, the Administrative Law Judge ("ALJ") with the Equal Employment Opportunity Commission ("EEOC") found that the Postal Service failed to reasonably accommodate Green in violation of section 501 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 791 *et seq.* The ALJ's order was silent as to attorney's fees. On behalf of Green, Farve filed a motion with the ALJ for attorney's fees and costs. Farve's petition was then referred to the EEO Compliance Manager for the United States Postal Service. The Postal Service sent a letter to Farve explaining that although her fee petition was deficient,[1] if Farve submitted the information needed to correct her petition's shortcomings, then the Postal Service would respond. Farve never provided the Postal Service with the information it requested. That same day, the Postal Service also issued its Notice of Final Action ("NFA"), implementing the ALJ's decision. The NFA explained that Green could appeal either: (1) to the EEOC's Office of Federal Operations ("OFO") within thirty days of receiving the NFA, or (2) to a federal district court within ninety days of receiving the NFA.

Instead of pursuing either of these options, Farve filed motions and requests with both the ALJ and the Postal Service. The ALJ informed Farve that he no longer had jurisdiction to consider the issue of attorney's fees. On May 20, 2005, sixteen months after receiving the NFA, Farve appealed to the OFO. On April 12, 2007, the OFO dismissed the appeal, concluding that Farve failed to "act with due diligence in pursuit of her claim." Farve initiated this suit on September 25, 2007. The district court held that Farve failed to cooperate

---

[1] Specifically, Farve failed to (1) aver that she had ever charged or been awarded the requested $250 hourly rate by an administrative tribunal for employment litigation, or (2) submit affidavits from other attorneys indicating they had been awarded $250 per hour for administrative litigation or that $250 was the prevailing rate in the area.

with the administrative process and, as a result, failed to exhaust her administrative remedies. Thus, the district court found subject-matter jurisdiction lacking and granted summary judgment to the Postmaster. Farve appeals.

A prerequisite to seeking review in federal court is exhaustion of the available administrative remedies. *Randel v. U.S. Dep't of the Navy*, 157 F.3d 392, 395 (5th Cir. 1998). A failure to exhaust deprives the court of subject-matter jurisdiction. *Id*. As the district court explained, "plaintiffs who resort to the administrative process but do not cooperate in the proceedings can thereby fail to exhaust their administrative remedies." *Barnes v. Levitt*, 118 F.3d 404, 409 (5th Cir. 1997). "'The test for cooperation in the administrative process is a common sense one, geared to the functional demands of dispute resolution.'" *Id*. (quoting *Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir. 1990)). "Good faith effort by the employee to cooperate with the agency and the EEOC and to provide all relevant, available information is all that is required to demonstrate an exhaustion of administrative remedies." *Id*. For the same reasons relied upon by the district court, plus the fact that Farve was sixteen months late in filing her appeal with the OFO, we find that Farve failed to cooperate in the administrative process and, consequently, failed to exhaust her administrative remedies. We therefore agree with the district court that subject-matter jurisdiction was lacking.

However, when a court lacks subject-matter jurisdiction, it is inappropriate to render summary judgment on the merits. "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction . . . [and] should not adjudicate the merits of the claim." *Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981). "Since the granting of summary judgment is a disposition on the merits of the case, a

motion for summary judgment is not . . . appropriate." *See id.* Rather, when there is no subject-matter jurisdiction, the case should be dismissed.[2]

We VACATE the order of summary judgment and REMAND to the district court with instructions to dismiss Farve's claim for attorney's fees.[3]

---

[2] Even if the district court had subject-matter jurisdiction, Farve's claim still would have failed. Under EEOC regulations, a complainant may appeal an agency's final action to the EEOC within thirty days of the complainant's attorney receiving the NFA. 29 C.F.R. §§ 1614.401 & 1614.402 (1999). "If an appellant does not file an appeal [with the EEOC] within the [thirty days], the appeal shall be dismissed by the Commission as untimely." 29 C.F.R. § 1614.403 (2009). The EEOC's decision can only be reversed if its interpretation of the guidelines was "arbitrary or capricious." *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). Farve has not even alleged much less presented evidence (1) that the EEOC's decision to dismiss her claim was arbitrary or capricious, or (2) that her untimely appeal was somehow justified. *See id.* Thus, because Farve failed to timely file her appeal to the EEOC, the Postmaster would have been entitled to summary judgment. *See id.*

[3] Although it is not necessary to our holding, we are compelled to note that this court does not condone the unauthorized practice of law. Farve has never been licensed to practice law in the state of Louisiana nor is she admitted to practice in this court or the United States District Court for the Eastern District of Louisiana. In the two forums where Farve is licensed (Texas and Washington D.C.), she is an inactive member of the bar associations. The fact that she is admitted to practice before the United States Supreme Court in no way gives her the right to practice law on a nationwide scale in the forum of her choosing. It would therefore behoove Farve in the future to keep in mind a principle so aptly articulated by the Ninth Circuit: "A person is or is not licensed to practice law in a particular forum. There is no halfway. If not licensed, one cannot practice in that forum, and cannot charge, or receive attorney's fees for such services." *Z.A. v. San Bruno Park Sch. Dist.*, 165 F.3d 1273, 1276 (9th Cir. 1999).