KASOLD, Chief Judge,
dissenting:
This case involves the negligent misfiling of the Court’s March 2012 remand decision as an affirmance, followed by a lack of response to Mr. Groves’s letters of inquiry regarding the remand order.[4] The parties do not contend, and the Court does not find, that the Secretary misfiled the remand order out of disrespect for the Court, or in disobedience or resistance to the Court’s order. The parties do not contend, and the Court does not find, that the order was misfiled intentionally or through gross negligence.[5] Most importantly, the parties do not contend, and the Court does not find, that the negligent misfiling in this case warrants or could warrant sanctions under 38 U.S.C. § 7265(a)(3), nor could there properly be such a finding under the circumstances here. See Zam-brano v. City of Tustin, 885 F.2d 1473, 1480 (9th Cir.1989) (“Attorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment. Thus, courts have required conduct amounting to recklessness, gross negligence, repeated — although unintentional — flouting of court rules, or willful misconduct before approving the imposition of monetary sanctions under local rules. A practice that punishes mere negligence on the part of counsel is not necessary to the orderly functioning of the court system, especially in light of the availability of alternative remedies.” (internal quotation marks omitted) (citing, inter alia, 18 U.S.C. § 401 (the federal contempt statute), which is mirrored by 38 U.S.C. § 7265)); cf. Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1049 (6th Cir.1996) (interpreting federal court’s statutory authority to sanction attorney pursuant to 28 U.S.C. § 1927 for “unreasonable] or- vexatiousü” multiplication of proceedings and stating that “we have determined that the application of § 1927 is warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. However, the attorney’s misconduct, while not required to have been carried out in bad faith, must amount to more than simple inadvertence or negligence that has frustrated the trial judge.” (internal quotation marks and citations omitted)).
Substantively, my colleagues are sanctioning the Secretary for failing to review and act on the petitioner’s letters. Although the Secretary’s lack of response to Mr. Groves’s letters regarding the remand order is unacceptable in my view and could constitute a proper basis for filing a petition and seeking mandamus to enforce the remand order,[6] such failings do not convert *180 the negligent misfiling into disrespect for the Court, or disobedience or resistance to a Court order. Indeed, after the petition was filed with the Court (and served on the Secretary), the Secretary promptly corrected his mistake — notably, before the Court even ordered the Secretary to respond — and then promptly processed the remanded claim and awarded benefits. Succinctly stated, with regard to the actions of the Secretary toward the Court, there is no evidence of disrespect or disobedience or resistance; there is only evidence of a simple misfiling.
The Secretary’s failure to reply to or act on Mr. Groves’s letters was unacceptable, but those failures relate to the Secretary’s mail handling and processing of veterans’ letters, which undoubtably involves hundreds of thousands of letters annually. In the absence of evidence of disrespect by the Secretary for the Court, or disobedience or resistance by the Secretary to a judicial order, sanctions are not warranted, nor, as I understand the law, permitted under section 7265(a)(3). Accordingly, I would deny the petitioner’s request for sanctions.

. As my colleagues acknowledge, although the petitioner asserts that he submitted eight letters to the Secretary regarding his remanded claim, the Secretary confirms receipt of only four letters and the petitioner provides a certifícate of mailing for only one. Ante at 170-72.

. Indeed, the Secretary explains how the decision mistakenly was misfiled, there is no assertion by the petitioner to the contrary, and my colleagues acknowledge that the Secretary's “initial mis-entry of the Court's March 2012 remand order as an affirmance is arguably understandable.’’ Ante at 174,

. Of note, the earliest letter for which the petitioner provides evidence of mailing is August 2012, just three months after mandate entered in May 2012 on the March 2012 remand order. The latest letter for which receipt by the Secretary is confirmed was in *180 October 2013, which is 17 months after mandate issued on the remand order. It is axiomatic that the right to a "writ does not exist unless the petitioner demonstrates that the alleged delay is so extraordinary, given the demands on and resources of the Secretary, that it is equivalent to an arbitrary refusal by the Secretary to act.” Stratford v. Peake, 22 Vet.App. 313, 314 (2008) (per curiam order); see also Chandler v. Brown, 10 Vet.App. 175, 177-78 (1997) (noting that a delay of two and one-half years in the RO’s adjudication of a claim even after remand was not unreasonable under the circumstances); Erspamer v. Derwinski, 1 Vet.App. 3, 10 (1990) (noting that a reasonable time to act on a remanded claim may encompass " 'months, occasionally a year or two, but not several years or a decade’ ” (quoting Cmty. Nutrition Inst. v. Young, 773 F.2d 1356, 1361 (D.C.Cir.1985))). Regardless, given the Secretary’s corrective action upon filing of the petition, the Court need not determine — and has not so determined — if the petitioner would have satisfied his burden of demonstrating a clear and indisputable right to a writ.