# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-5697

JAMES E. LAWRENCE, PETITIONER,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before MEREDITH, TOTH, and LAURER, *Judges.*

# O R D E R

MEREDITH, *Judge*, filed the opinion of the Court. TOTH, *Judge*, filed a dissenting opinion.

On August 13, 2020, the petitioner, James E. Lawrence, through counsel filed a petition for extraordinary relief in the form of a writ of mandamus seeking to compel VA to forward a copy of his claims file to his counsel. Petition (Pet.) at 1, 5. The petitioner asserted the following: (1) a VA regional office (RO) issued a rating decision in August 2019 denying entitlement to disability compensation for psychiatric disorders; (2) his appointed counsel requested a copy of his claims file in November 2019 utilizing VA Form 10-5345, Request for and Authorization to Release Health Information; (3) the RO acknowledged his "Privacy Act request" in November 2019; (4) his counsel made additional requests for the claims file in January and March 2020; (5) in August 2020, he appealed the RO's decision to the Board of Veterans' Appeals (Board); and (6) to date, his counsel had not yet received a copy of his claims file. Pet. at 2-3; Exhibits 1-7. VA Form 10-5345 reflects that "[t]he information requested on this form is solicited under Title 38 U.S.C." and that "[t]he form authorizes release of information" pursuant to the Health Insurance Portability and Accountability Act, the Administrative Procedure Act (APA), the Freedom of Information Act (FOIA), 38 U.S.C. §§ 5701 and 7332, and the Privacy Act. Pet. at Exhibit 4. The petitioner maintained that VA has unreasonably delayed in forwarding his claims file to his counsel and that the factors considered when assessing claims of unreasonable delay weigh in his favor. Pet. at 3-5.

The Court, on September 1, 2020, ordered the petitioner to file a supplemental memorandum of law addressing the Court's jurisdiction to provide the requested relief and ordered the Secretary to file a response to the petition that also addressed the Court's jurisdiction. The petitioner responded that the Court's authority to order VA to provide a copy of his claims file derives from the All Writs Act (AWA). Petitioner's Supplemental Memorandum of Law (Petitioner's Memorandum) at 2. In that regard, he averred that the Court's potential jurisdiction under the AWA "turns upon whether the relief sought in the mandamus petition could ultimately lead to the [C]ourt's review of a Board decision," and he indicated that granting mandamus relief where "a mandatory procedure has been unreasonably delayed at the Agency level" would "potentially result[] in a Board decision over which the [C]ourt would have appellate jurisdiction." *Id.* The petitioner further maintained that a writ of mandamus was warranted in these

circumstances because VA is the sole custodian of his records, he has an indisputable right to his records pursuant to 38 C.F.R. § 1.577, and he cannot properly pursue his disability claims at the Agency without his claims file. *Id.* at 3-5.

The Secretary countered that the petitioner has not shown that the Court has jurisdiction to provide the requested relief. Secretary's Response to the Court's September 1, 2020, Order (Secretary's Response) at 1-6. The Secretary first argued that the petitioner failed to "explain how the petition will lead to a final Board decision over which the Court will have jurisdiction." *Id.* at 2. In that regard, the Secretary noted that the petitioner has not argued that he sought his claims file beyond a Privacy Act and FOIA request, the matter before the Court pertains to a FOIA request for the claims file, and the petitioner's contention is contrary to the Court's precedent rejecting jurisdiction over matters of the Secretary's compliance with FOIA requests. *Id.* at 3-5 (citing *Struck v. Principi*, 15 Vet.App. 213, 215 (2001) (per curiam order), and *Mangham v. Shinseki*, 23 Vet.App. 284, 289 (2009)). The Secretary further maintained that, although the petitioner argues that the claims file contains evidence related to his disability claims, he has not explained how a delay in providing the claims file impedes the appellate process. *Id.* at 5. Last, the Secretary responded that, even assuming the Court has jurisdiction over the petition, the petitioner has not demonstrated a clear and indisputable right to the writ. *Id.* at 6-8. Specifically, the Secretary argued that there has not been complete inaction by VA because the Agency has acknowledged the petitioner's request[1] and the petitioner has not shown that he lacks alternative means to obtain relief; he filed a Notice of Disagreement opting to attend a Board hearing and therefore any allegation regarding the duty to assist may be addressed by the Board in the normal course of the appeal. *Id.*

On October 1, 2020, the matter was referred to a panel of the Court to determine whether the Court has jurisdiction to provide the relief sought by the petitioner, and on October 26, 2020, the Court granted the petitioner's motion for leave to file a reply to the Secretary's Response. Regarding the Court's jurisdiction, the petitioner maintained that the Secretary's interpretation of the AWA "leaves claimants in a proverbial catch-22 situation, depriving them" of access to records necessary to pursue their claims. Petitioner's Reply at 4. He further challenged the Secretary's reliance on *Struck* and *Mangham* and argued that "the [C]ourt's terse dicta [in *Struck*] in response to a *pro se* [appellant]'s inartful pleading hardly constitutes a considered holding." *Id.* at 4-5.

A. All Writs Act Authority

Pursuant to the AWA, the Court has the authority to issue extraordinary writs in aid of its prospective jurisdiction. 28 U.S.C. § 1651(a). "[J]urisdiction to issue a writ of mandamus pursuant

---

[1] The Court notes that the Secretary relied on *Stratford v. Peake*, 22 Vet.App. 313, 314 (2008) (per curiam order), in which the Court found that the petitioner had not shown that VA was refusing to comply with his FOIA and Privacy Act request because the Board, 3 months later, notified him that his request was forwarded to the RO for reply and/or processing. Because the Court seems to have assumed jurisdiction in *Stratford* and offered no explanation for that action, we do not consider ourselves bound by that assumption. *See Harms v. Nicholson*, 20 Vet.App. 238, 245 (2006) (en banc) (citing *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (concluding that an issue not "raised in briefs or argument nor discussed in the opinion of the Court" would not be taken as "binding precedent on th[e] point")), *aff'd*, 489 F.3d 1377 (Fed. Cir. 2007); *see also L.A. Tucker Truck Lines, Inc.*, 344 U.S. at 38 (noting that "th[e] Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio").

to the AWA relies upon not *actual* jurisdiction but *potential* jurisdiction." *In re Fee Agreement of Cox* (*Cox I*), 10 Vet.App. 361, 370 (1997), *vacated on other grounds sub nom.*, *Cox v. West* (*Cox II*), 149 F.3d 1360 (Fed. Cir. 1998).

This Court's appellate jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). Hence, it is well established that the AWA does not extend this Court's jurisdiction. *See Cox II*, 149 F.3d at 1363; *see also Heath v. West*, 11 Vet.App. 400, 402-03 (1998). Because the AWA "is not an independent basis of jurisdiction, . . . the petitioner must initially show that the action sought to be corrected by mandamus is within [the] court's statutorily defined subject matter jurisdiction." *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983); *see Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) (noting that the AWA "is a residual source of authority").

The Court's appellate jurisdiction is governed by section 7252 of title 38, U.S.C., which provides that the Court "shall have exclusive jurisdiction to review decisions of the Board." 38 U.S.C. § 7252(a). The Board, in turn, has jurisdiction to consider "[a]ll questions in a matter which under section 511(a) of . . . title [38] is subject to decision by the Secretary." 38 U.S.C. § 7104(a). And, pursuant to section 511(a), "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Therefore, the Court's jurisdiction to issue the order sought by the petitioner pursuant to the AWA depends on whether the grant of the petition could lead to a Board decision over which the Court would have jurisdiction. *See Cox I*, 10 Vet.App. at 371.

As an initial matter, answering that question requires the Court to consider, and the petitioner to show, that the case "arises 'under a law that affects the provision of benefits.'" *Bates v. Nicholson*, 398 F.3d 1355, 1359 (Fed. Cir. 2005) (quoting 38 U.S.C. § 511(a)); *see McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 188-89 (1936) (The ultimate burden of establishing jurisdiction rests with the party seeking the exercise of jurisdiction in his favor.); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). The petitioner also must show that VA's actions in question could be the subject of a Board decision, *Yi v. Principi*, 15 Vet.App. 265, 267 (2001) (per curiam order) (holding that the Court "lacks appellate jurisdiction over any issue that cannot be the subject of a Board decision"), and that this Court would have subject matter jurisdiction to consider a Board decision on that matter, *see, e.g., Wanner v. Principi*, 370 F.3d 1124, 1129-31 (Fed. Cir. 2004) (discussing a matter that had been removed by statute from the Court's jurisdiction).

B. Privacy Act and FOIA

As indicated above, the petitioner submitted VA Form 10-5345 and asks the Court to compel the Secretary to fulfill his request by providing not only his claims file, but also medical records including health summaries, inpatient discharge summaries, progress notes, operative and clinical procedures, lab results, radiology reports, and lists of active medications. *See* Pet. at Exhibit 4. Although that form also references other authorities, the RO construed the petitioner's

Form 10-5345 request as a Privacy Act request—a characterization that his counsel acknowledged in follow-up correspondence with the RO. *See* Pet. at 2, Exhibits 4-7. Before the Court, he does not allege that he sought to obtain his claims file and related documents other than pursuant to the FOIA or the Privacy Act, nor does he contest the Secretary's assertion to that effect. *See* Secretary's Response at 5; Petitioner's Reply at 2-5. Indeed, the petitioner avers that his right to obtain the requested documents derives from 38 C.F.R. § 1.577, part of VA's series of regulations implementing the Privacy Act. Petitioner's Memorandum at 3-5; *see* 38 C.F.R. §§ 1.550(b), 1.562 note (2020) (each noting that §§ 1.575-1.584 pertain to Privacy Act records). Consequently, even though the petitioner seeks his records in pursuit of a VA disability benefits claim,[2] we will address only whether we may issue a writ compelling VA to fulfill his request under the Privacy Act and the FOIA.

The Privacy Act "regulate[s] the collection, maintenance, use, and dissemination of information by [federal] agencies" and provides a private cause of action against federal agencies for violating its provisions. *Doe v. Chao*, 540 U.S. 614, 618 (2004) (quotation marks omitted); *see* 5 U.S.C. § 552a(g)(1). The Privacy Act allows an individual or his authorized representative to

---

[2] Although 38 U.S.C. § 5701 provides that the Secretary must make certain disclosures to a claimant or duly authorized agent or representative of a claimant and the Court has held that it is a law affecting the provision of benefits, *Rosinski v. Shulkin* (*Rosinski I*), 29 Vet.App. 183, 189 (2018) (per curiam order), the Court will not today address the import of section 5701 because the represented petitioner does not acknowledge that provision or make any arguments pertaining to it, despite multiple opportunities to meet his burden to establish the Court's jurisdiction over the matter. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("[A]s a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'") (second alteration in original) (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment)); *see also Robinson v. Peake*, 21 Vet.App. 545, 554 (2008) (presuming that "an experienced attorney in veteran's law, says what he means and means what he says"), *aff'd sub nom. Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009). The majority will not raise and answer a question not briefed by the parties, as the dissent would do. *See Sineneng-Smith*, 140 S. Ct. at 1579 ("Courts are essentially passive instruments of government. They do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties.") (internal quotation marks and citation omitted).

To provide some context, however, with one exception not relevant here, Congress expressly provided that "any disclosure made pursuant to . . . section [5701] shall be made in accordance with the provisions of section 552a of title 5[, the Privacy Act]." 38 U.S.C. § 5701(j). And as we explain in more detail below, Congress in turn gave district courts of the United States jurisdiction over enforcing section 552a. *See* 5 U.S.C. § 552a(g)(1). What's more, VA regulations provide that "[r]equests for records relating to a claim administered by VA pursuant to 38 U.S.C. [§] 5701 will be processed under the FOIA and 38 U.S.C. [§] 5701." 38 C.F.R. § 1.550(c); *see id.* (providing that, "[i]n addition to the following FOIA regulations, [§§ 1.551 through 1.562,] *see* §§ 1.500 through 1.527 for regulations implementing 38 U.S.C. § 5701"). In turn, regulations pertaining to the release of claimants' records, like the regulations implementing the Privacy Act and the FOIA, provide that "[t]he final agency decision in such appeals will be made by the General Counsel or the Deputy General Counsel." 38 C.F.R. § 1.527(c) (2020). Moreover, although this Court in *Rosinski I* concluded that it had jurisdiction to consider whether the petitioner was entitled to a writ compelling VA to provide him with draft rating decisions under section 5701(d), the Court there did not discuss the Privacy Act or whether jurisdiction over such matters had been conferred on other tribunals. *Rosinski I*, 29 Vet.App. at 189; *see Bates*, 398 F.3d at 1365-66 (explaining that 38 U.S.C. § 511(a) "[d]oes not apply to every challenge to an action by . . . VA" and, therefore, the court does not "suggest[] that the Board has jurisdiction to review controversies that are committed by statute to other tribunals"). And, the Court in *Rosinski v. Wilkie*, which addressed the same substantive challenge as in *Rosinski I*, subsequently acknowledged that jurisdiction might not lie in this Court if the case involved a request for "a *specific* record" rather than a challenge to VA's underlying policy. 31 Vet.App. 1, 8 n.4 (2019) (per curiam order).

access records pertaining to the individual. *See* 5 U.S.C. § 552a(d)(1). "The FOIA represents a carefully balanced scheme of public rights and agency obligations designed to foster greater access to agency records than existed prior to its enactment." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). The FOIA thus obligates agencies of the United States government to make their records "promptly available to any person," except those records specifically exempt from disclosure, 5 U.S.C. § 552(a)(3)(A), and the "statutory scheme authorizes federal courts to ensure private access to requested materials . . . . upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records,'" *Kissinger*, 445 U.S. at 150 (quoting 5 U.S.C. § 552(a)(4)(B)). In both instances, Congress expressly vested jurisdiction over civil actions arising from the Privacy Act and the FOIA in the United States district courts. *See* 5 U.S.C. § 552(a)(4)(B) (providing that "the *district court* of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant") (emphasis added); 5 U.S.C. § 552a(g)(1) (providing that an "individual may bring a civil action against the agency, and the *district courts* of the United States shall have jurisdiction in the matters under the provisions of this subsection") (emphasis added).

VA processes "[r]equests for records about an individual[] protected under the Privacy Act . . . including one's own records . . . under the FOIA and the Privacy Act." 38 C.F.R. § 1.550(b). Further, VA's regulations implementing the Privacy Act instruct that, if the Agency fails to respond to a request for access to records, "the individual must pursue the request with the Privacy Officer of the administration office . . . or staff office . . . that has custody over the records," and that denials of records requests may be appealed to the Office of General Counsel, who will render the final agency decision in such appeals. 38 C.F.R. § 1.580(b), (c) (2020); *see* 38 C.F.R. §§ 1.550(b), 1.577. The regulations pertaining to FOIA requests similarly require that an individual appeal FOIA request denials to the Office of General Counsel and further provide that, "[u]nless the requester has been deemed to have exhausted all administrative remedies, he or she must first appeal the adverse determination in accordance with this section before seeking review by a court." 38 C.F.R. § 1.559(b), (f) (2020).

## C. Jurisdiction

It is undisputed that the petitioner bears the burden of establishing that the Court has jurisdiction to act. In that regard, the petitioner solely contends that the Court has jurisdiction to provide the requested relief pursuant to the AWA. Petitioner's Memorandum at 2. He fails, however, to acknowledge that the AWA is not an independent source of, and may not extend, the Court's statutorily defined jurisdiction. *Baker Perkins, Inc.*, 710 F.2d at 1565; *see Pennsylvania Bureau of Corr.*, 474 U.S. at 43. As explained above, to demonstrate that the Agency action sought to be corrected—compliance with the Privacy Act and the FOIA—falls within the Court's jurisdiction would require a showing that the petitioner's request for records was made pursuant to a law affecting the provision of VA benefits, that VA's decision on the matter could be the subject of a Board decision, and that the Court would have subject matter jurisdiction to review the Board's decision.

Here, the Court concludes that the petitioner has not carried his burden of demonstrating that the Court has jurisdiction to issue the requested writ. To begin, he does not contend that, or explain how, the Privacy Act or FOIA constitutes "a law that affects the provision of benefits by the Secretary," such that it would fall within the Board's jurisdiction. 38 U.S.C. § 511(a); *see* 38 U.S.C. § 7104(a); *Bates*, 398 F.3d at 1359. Further, although the dissent would order that the Board issue a decision regarding the requested documents—documents that go beyond the petitioner's claims file, *see* Pet. at Exhibit 4—as noted above, VA regulations unambiguously delegate the authority to make final determinations regarding Privacy Act and FOIA requests to the VA Office of General Counsel, not the Board. 38 C.F.R. §§ 1.527, 1.559, 1.580.[3] The petitioner neither acknowledges these regulations, nor challenges the validity of the Secretary's delegation of authority therein. Accordingly, he has not demonstrated how the grant of a writ, in these circumstances, would lead to a final Board decision, a necessary predicate for this Court's jurisdiction. *Yi*, 15 Vet.App. at 267.

Moreover, as previously discussed, Congress explicitly provided that U.S. district courts shall have jurisdiction over civil actions arising from an agency's refusal to comply with Privacy Act and FOIA requests. 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1); *see Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014) ("The federal courts . . . have exclusive jurisdiction over any claim . . . under the FOIA and the Privacy Act."); *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995) ("Section 552(a)(4)(B) of FOIA grants U.S. district courts exclusive jurisdiction over FOIA cases."); *Treece v. United States*, 96 Fed. Cl. 226, 232 (2010) (dismissing the "plaintiff's claims under the Privacy Act . . . and the [FOIA] . . . because the federal district courts have exclusive jurisdiction over such matters"). Indeed, district courts have regularly addressed such matters, including cases seeking enforcement of VA's obligation to provide records. *See, e.g.*, *Conyers v. U.S. Dep't of Veterans Affairs*, No. 16-CV-00013, 2017 WL 722107, at *8-11 (E.D.N.Y. Jan. 10, 2017); *Demoruelle v. Dep't of Veterans Affairs*, No. 16-00562, 2017 WL 2836989, at *2-4 (D. Haw. June 30, 2017); *Wadhwa v. Dep't of Veterans Affairs*, 342 F. App'x.

---

[3] While our dissenting colleague would "order the Board—in the event the Secretary fails to provide such records—to provide a decision outlining the basis for such ruling," *post* at 7, any such order seems premature given that there is no indication in this case that a VA agency of original jurisdiction has made a decision on the petitioner's request or that any denial of his request has been placed into appellate status at VA. Further, our dissenting colleague simply assumes that acting on any such appeal would be the province of the Board. It is unclear how that conclusion meshes not only with §§ 1.527, 1.559, and 1.580 but also with § 20.1200, which provides that, where "an individual [is] seeking records pertaining to him or her," the Board will not act "on that individual's appeal" until the request is "reviewed and processed." 38 C.F.R. § 20.1200. Would the Board be required to fulfill the records request prior to acting on an appeal as to those records? Moreover, nothing in the materials now before the Court suggests that either Congress or VA created a separate system for benefits claimants to obtain their records. Rather, under 5 U.S.C. § 552a(d)(1), "any individual [may] gain access to his [own] record or to any information pertaining to him which is contained in the [agency] system." 5 U.S.C. § 552a(d)(1). And if the agency "refuses to comply with an individual request . . . the individual may bring a civil action against the agency, and the district courts of the United States . . . have jurisdiction." 5 U.S.C. § 552a(g)(1)(B); *see* 38 U.S.C. § 5701(j) (with the exception of certain contracting information, "any [records] disclosure made pursuant to this section *shall* be made in accordance with the provisions of section 552a of title 5") (emphasis added). In other words, the statutory scheme suggests that the petitioner has recourse to obtain his records and the means of appealing any denial of a request does not pass through the Board. *See Melvin v. U.S. Dep't of Veterans Affairs*, 70 F. Supp. 3d 350, 359 (D.D.C. 2014) (explaining the difference between Privacy Act claims against VA that are collateral to benefit determinations and finding that 38 U.S.C. § 511(a) did not deprive the district court of jurisdiction to hear the claim for "a Privacy Act violation for the VA's failure to provide to [the veteran] the audio tape of [the veteran's] Board of Veterans' Appeals hearing"), *aff'd*, No. 14-5263, 2015 WL 3372292 (D.C. Cir. May 6, 2015).

860, 862-63 (3d Cir. 2009) (per curiam); *Kinman v. United States*, No. 16-cv-00329, 2016 WL 7165986, at *5 (S.D. Ohio Dec. 7, 2016). The petitioner has not argued or demonstrated that this Court would nevertheless have subject matter jurisdiction over a VA decision concerning his Privacy Act and FOIA request. *See McNutt*, 298 U.S. at 188-89; *Bethea*, 2 Vet.App. at 255.

The Court therefore concludes that, because the petitioner has not shown that "the action sought to be corrected by mandamus is within this [C]ourt's statutorily defined subject matter jurisdiction," *Baker Perkins, Inc.*, 710 F.2d at 1565, he has not demonstrated that the petition is "in aid of [our] . . . jurisdiction[]" or "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Simply put, the Court cannot compel VA to act on a matter over which the petitioner has not demonstrated we would have subject matter jurisdiction to review.

However, as a final matter, the Court expresses concern that there has been a 1-year delay so far in processing the petitioner's Privacy Act and FOIA request. Because the Board would likely not adjudicate his appeal until that request is processed, *see* 38 C.F.R. § 20.1200, further delay in processing his request could not only delay a decision on his claims but also potentially frustrate the Court's review of a final Board decision. These are serious matters that the Agency should be mindful of regardless of what tribunal may ultimately have jurisdiction to address them.

Upon consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief in the form of a writ of mandamus is DISMISSED.

DATED: December 22, 2020

TOTH, *Judge*, dissenting: I agree with the panel that neither the Board nor this Court has jurisdiction to hear civil actions concerning VA's compliance with the Freedom of Information Act (FOIA) or Privacy Act. 5 U.S.C. § 552(a). However, by requesting (through counsel) *his own records* to pursue *his pending claim* for veterans benefits, Mr. Lawrence is not raising a FOIA or Privacy Act issue in any meaningful sense; he doesn't seek monetary damages, for example, or the publication of documents related to VA's internal operations. Instead, he claims that VA's own regulations require it to provide him evidence relevant to his ongoing benefits case. I respectfully dissent and would order the Board—in the event the Secretary fails to provide such records—to provide a decision outlining the basis for such ruling, per 38 U.S.C. §§ 511 and 7104.

A defining feature of the veterans benefits system is that Congress expressly stripped federal courts of any jurisdiction to review decisions of the Secretary under laws affecting such benefits. 38 U.S.C. § 511(a). This Court has held that 38 U.S.C. § 5701, which addresses VA disclosure obligations for records related to pending benefits claims, affects the provision of veterans benefits. *See Rosinski v. Wilkie*, 31 Vet.App. 1, 6 (2019). Therefore, a federal district court has no jurisdiction to consider the Secretary's compliance with section 5701's disclosure provisions, unless the veteran seeks monetary damages or relief unrelated to the pursuit of benefits. Only the Secretary, via the Board, can adjudicate matters related to a benefits claim, 38 U.S.C. §§ 511, 7104. And only this Court has jurisdiction to review that decision. *Id.* §§ 511(b)(4), 7252; *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1031 (9th Cir. 2012) (en banc) ("Congress

subsequently established the Veterans Court, effectively stripping district courts of any such jurisdiction." (cleaned up)).

The nature and extent of a claimant's right to obtain records in the context of an active benefits claim is simply a question about the scope of discovery available within the veterans benefits system. The answer to that question is found in the statutes and rules of title 38 and not in title 5 provisions that govern all federal agencies. Although both section 5701 and FOIA, for example, involve requests for information from federal agencies—that's about all they have in common. Section 5701 relates to specific claims for benefits, while FOIA and the Privacy Act address government transparency and individual privacy rights, respectively. In short, a veteran seeking monetary damages under the Privacy Act for wrongful disclosure of information or seeking public disclosure of VA internal matters must seek relief in a federal district court; however, only the Board has jurisdiction to adjudicate matters related to specific claims for benefits. *See Perry v. United States*, 524 F. App'x 680 (Fed. Cir. 2013) (holding that the Court of Appeals for Veterans Claims and not the Court of Federal Claims had jurisdiction to determine whether VA violated the Privacy Act in relation to a benefits claim).

Our ruling here effectively casts Mr. Lawrence into a jurisdictional no-man's land. Because a federal district court lacks jurisdiction to review any rulings related to a benefits decision of the Secretary, it must treat Mr. Lawrence's discovery request as the equivalent of a FOIA request from a citizen seeking disclosure of agency hiring practices or budget outlays or the like. This rebranding of routine discovery matters as FOIA or Privacy Act matters effectively removes statutes such as section 5701 or regulations such as 38 C.F.R. § 1.577 from the books, by placing them beyond review in any benefits adjudication. Here, our ruling redirects a discovery dispute from the Board to federal courts that lack jurisdiction to hear it.

Three final things. In dissenting, I take no position as to whether any other statute or regulation requires VA to provide Mr. Lawrence with the records he seeks. That's for the Secretary to decide first. I merely note that Mr. Lawrence is entitled under sections 511 and 7104 to a timely decision from the Secretary on this question. If the Secretary construes the request as covered by FOIA or the Privacy Act, as he contends in his briefing, he can, via the Board, rule accordingly. Mr. Lawrence can appeal such a decision to this Court.

Second, how VA characterizes the form that it requires veterans to fill out requesting materials has little bearing on whether a request is construed properly as a FOIA or Privacy Act request or as a discovery request in a benefits claim. For jurisdictional purposes, what matters under sections 511 and 5701 is whether a claimant has filed a particular claim for benefits and cited the law as supporting such claim for benefits.

Finally, that section 5701(j) cites expressly to 5 U.S.C. § 552(a) has no effect on the Board's jurisdiction to decide all matters relevant to benefits claims; it merely signifies that the two statutes are capable of coexisting and are meant to be read as supporting each other. In short, it means that Congress did not wish courts to read section 5701 as wholly displacing VA's obligations under the Privacy Act.